UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
COMMISSIONERS OF THE STATE
     INSURANCE FUND,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                      23-CV-1169 (RPK) (RER)
      v.

HAINESPORT TRANSPORTATION
     GROUP LLC,

                Defendant.
-----------------------------------------------------------x
HAINESPORT TRANSPORTATION
     GROUP LLC,

                Third-Party Plaintiff,

      v.

DOING IT RIGHT TECHNOLOGIES LLC,
     DJM TRANSPORT, LLC,
     RTL INDUSTRIES LLC,

                Third-Party Defendants.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Under 28 U.S.C. § 1445(c), a civil action "arising under the workmen's compensation laws" of a state may not be removed to federal court. This case presents a question of first impression: whether an insurer's claims seeking to recover unpaid worker's compensation premiums from an employer under New York common law are claims "arising under the workmen's compensation laws" of New York. 28 U.S.C. § 1445(c). Because those claims do not arise under state workers' compensation laws, Section 1445(c) does not foreclose removal, and plaintiff's motion to remand is therefore denied.

## BACKGROUND

In New York, as a general matter, employers are strictly liable for injuries to workers in the course of their employment. N.Y. Workers' Comp. Law § 10(1). Unless they meet self-insurance requirements, employers must obtain and keep in effect workers' compensation insurance to cover the cost of those payments. *Id.* § 50. They can obtain that insurance from the New York State Insurance Fund, which is a state agency, or from a private insurance provider. *Id.* at §§ 50, 76. Plaintiff Commissioners administer the New York State Insurance Fund. *Id.* § 77; Compl. ¶ 1.

In this lawsuit, plaintiff alleges that between 2018 and 2019, the New York State Insurance Fund provided defendant Hainesport Transportation Group LLC with workers' compensation insurance under a contract that included payment terms. Compl. ¶¶ 5–6. Plaintiff claims that it billed defendant $209,447.94 for the coverage, and that defendant has not paid the bill. *Id.* ¶ 7–8.

In December 2022, plaintiff filed a lawsuit in New York Supreme Court, Queens County, seeking to recover $221,665.16 in unpaid insurance premiums and collection fees. *Id.* ¶ 9. Plaintiff brings two causes of action: breach of contract and "account stated." *Id.* at 4. The complaint also invokes a provision of New York Workers' Compensation Law stating that if a policyholder defaults on payments to the New York State Insurance Fund, "the amount due from [the policyholder] shall be collected by civil action brought against him in any county wherein the state insurance fund maintains an office in the name of the commissioners of the state insurance fund." N.Y. Workers' Comp. Law § 93(a); *see* Compl. ¶ 2.

Defendant timely removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. *See* Not. of Removal (Dkt. #1). The notice of removal alleges that the parties

are completely diverse and that the amount in controversy exceeds $75,000. *See id.* ¶¶ 6–10; Ltr. 1 (Dkt. #6).

Defendant filed an answer, *see* Answer (Dkt. #2), as well as an amended answer that asserts third-party claims against three companies that allegedly acted as subcontractors for defendant, *see* Third-Party Compl. (Dkt. #9). Defendant claims that the insurance premiums plaintiff seeks to recover were assessed following an audit related to the third-party defendants' subcontractor services. Third-Party Compl. ¶ 6. Defendant further alleges that third-party defendants were obliged to maintain workers' compensation insurance coverage and to indemnify defendant against liability related to their services, and that third-party defendants provided defendant with false certificates of insurance. *Id.* ¶¶ 4–5, 7. Defendant's third-party complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *Id.* ¶¶ 14–30.

Plaintiff now moves to remand the case to state court, arguing that the matter is nonremovable pursuant to 28 U.S.C. § 1445(c). *See* Mot. to Remand (Dkt. #15).

## STANDARD OF REVIEW

On a motion to remand, the "party seeking removal"—here, defendant—"bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). While a reviewing court must construe removal provisions strictly, *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021), it applies the same "liberal rules to removal allegations that are applied to other matters of pleading," *Agyin v. Razmzan*, 986 F.3d 168, 180 (2d Cir. 2021) (brackets and quotations omitted).

**DISCUSSION**

Plaintiff argues that 28 U.S.C. § 1445(c) barred defendant from removing this case, by providing that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." But because this action does not "aris[e] under" New York Workers' Compensation Law within the meaning of Section 1445(c), plaintiff's motion to remand is denied.

Because "removal statutes . . . are intended to have uniform nationwide application," federal law governs their construction. *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972). The Second Circuit has yet to address which actions "aris[e] under the workmen's compensation laws" of a state for purposes of Section 1445(c). However, other circuits and district courts in this Circuit have uniformly concluded that the phrase "arising under" in Section 1445(c) has the same meaning as the identical phrase in 28 U.S.C. § 1331, which gives district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See, e.g.*, *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 190 (D. Conn. 2005), *superseded by statute on other grounds*, 28 U.S.C. § 1441(c); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787 (5th Cir. 1996); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004). That conclusion reflects "the normal rule of statutory construction" that "words repeated in different parts of the same statute generally have the same meaning." *Law v. Siegel*, 571 U.S. 415, 422 (2014) (citation and quotation marks omitted).

Under Section 1331, a case "aris[es] under" federal law when either (1) "federal law creates the cause of action asserted" or (2) a claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." *Merrill Lynch, Pierce, Fenner &*

*Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016) (citation, quotation marks, and brackets omitted). Adapting that test to the Section 1445(c) context, "[a] civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper*, 392 F.3d at 203. Under either approach, this action does not "aris[e] under" New York Workers' Compensation Law.

I.  **Plaintiff's causes of action are created by common law.**

New York common law, rather than New York Workers' Compensation Law, created plaintiff's causes of action. The complaint lists two causes of action: (1) a "breach of . . . contract" claim alleging that defendant breached its insurance contract by failing to pay for coverage, *see* Compl. ¶¶ 4–9, and (2) an "account state[d]" claim alleging that plaintiff mailed defendant a statement of defendant's debt and defendant conceded the correctness of the account, *see id.* ¶¶ 10–13. Those claims are creatures of New York common law. *See, e.g.*, *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 121 (2d Cir. 2020) (describing breach of contract as a "cause[] of action under New York common law"); *Citibank (S. Dakota) N.A. v. Jones*, 184 Misc. 2d 63, 64 (N.Y. Dist. Ct. 2000) (describing the origins of New York's "common-law doctrine of account stated"). Indeed, though the caselaw is sparse, New York courts have applied the common-law doctrines to resolve breach of contract and account stated claims brought by plaintiff to collect unpaid insurance premiums from other employers in the past. *See, e.g.*, *Comm'rs State Ins. Fund v. Branicki*, 775 N.Y.S.2d 443, 446 (Civ. Ct. 2004); *Comm'rs State Ins. Fund v. Munkacs Car Serv. Ltd.*, 809 N.Y.S.2d 868, 871 (Civ. Ct. 2006); *Comm'rs State Ins. Fund v. Kassas*, 798 N.Y.S.2d 708 (Civ. Ct. 2004); *see also Munkacs Car Serv.*, 809 N.Y.S.2d at 873 ("Unless the applicable statute or

5

regulations require otherwise, the insurance agreement here is to be treated as any other contract, interpreted and applied according to its terms and the intent of the parties.").

Plaintiff suggests that its lawsuit nevertheless arises under New York Workers' Compensation Law because Section 93 of that statute authorizes plaintiff to bring claims for unpaid premiums from defaulting policyholders "in any county wherein the state insurance fund maintains an office in the name of the commissioners of the state insurance fund." N.Y. Workers' Comp. Law § 93(a); *see* Mem. Supp. Mot. to Remand 5 (Dkt. #15-2). But that provision appears to specify the state venue in which claims against defaulting policyholders may be brought, rather than "creat[ing] the cause of action" against them, *Harper*, 392 F.3d at 203. Indeed, plaintiff appears to acknowledge as much in its complaint, where it pleads claims of "breach of contract" and "account stated"—common-law causes of action—while citing Section 93 to describe where it may bring its suit. Compl. ¶ 2 (citing Section 93 for the proposition that "plaintiff may bring an action to collect unpaid premiums in any county wherein NYSIF maintains an office").

In sum, New York common law—rather than New York Workers' Compensation Law— creates the causes of action that plaintiff brings.

II. **Plaintiff's right to relief does not necessarily depend on a substantial question of workmen's compensation law.**

Plaintiff's claim also does not arise under New York Workers' Compensation Law on the theory that plaintiff's right to recover damages for breach of contract or account stated "necessarily depends on resolution of a substantial question of workmen's compensation law," *Harper*, 392 F.3d at 203.

The elements of a breach of contract claim in New York include "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). The

6

elements of an account stated claim in New York include "(1) an account [showing the amount due to a creditor] was presented [to a debtor]; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated." *Haskell Co. v. Radiant Energy Corp.*, No. 5-CV-4403 (DLI) (MDG), 2007 WL 2746903, at *12 (E.D.N.Y. Sept. 19, 2007). None of the elements for either claim necessarily turns on a substantial question—or seemingly any question—of New York Workers' Compensation Law.

Defendant's allegation that third-party defendants provided false certificates of insurance does not change the analysis. Plaintiff argues that its authority to audit defendant's payrolls derives from a provision of New York Workers' Compensation Law, and that if defendant's allegation of false certificates proves true, then the audit plaintiff conducted to calculate defendant's premiums could be incorrect. *See* Mem. Supp. Mot. to Remand 6 (citing N.Y. Workers' Comp. Law § 95). However, even assuming that factual issue impacts plaintiff's right to relief, plaintiff fails to explain how resolving the issue necessarily depends on a substantial question of workers' compensation law.

\* \* \*

In sum, plaintiff's causes of action to recover insurance premiums are rooted in New York common law, and plaintiff's right to relief does not necessarily turn on a substantial question of New York Workers' Compensation Law. Therefore, this action does not "aris[e] under the workmen's compensation laws" of New York, and Section 1445(c) does not bar its removal.

7

## CONCLUSION

Plaintiff's motion to remand is denied.

SO ORDERED.

                                                        */s/ Rachel Kovner*
                                                        RACHEL P. KOVNER
                                                        United States District Judge

Dated:  December 5, 2023
          Brooklyn, New York