UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
COMMISSIONERS OF THE STATE INSURANCE FUND,

                      Plaintiff,

-against-

HAINESPORT TRANSPORTATION GROUP LLC

                      Defendant.
------------------------------------------------------------------------x
HAINESPORT TRANSPORTATION GROUP LLC

                      Third-Party Plaintiff,

-against-

DOING IT RIGHT TECHNOLOGIES LLC, DJM TRANSPORT, LLC, RTL INDUSTRIES LLC,

                      Third-Party Defendants.
------------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

23-CV-1169
(Kovner, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Commissioners of the State Insurance Fund commenced a state court action on December 12, 2022, seeking to recover unpaid insurance premiums and collection fees owed by Defendant Hainesport Transportation Group LLC ("Hainesport"). *See* Dkt. No. 1 at 8-17. On February 13, 2023, the state court action was removed to this Court by Hainesport. *See generally id.* On February 27, 2023, Hainesport filed an Amended Answer and a Third-Party Complaint against Third-Party Defendants Doing It Right Technologies LLC; DJM Transport, LLC; and RTL Industries LLC for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Dkt. No. 9 at ¶¶ 14-30. Third-Party Defendant DJM Transport, LLC filed its answer to Hainesport's Third-Party Complaint on April 19, 2024. Dkt. No. 45.

Currently before this Court, on a referral from the Honorable Rachel P. Kovner, United States District Judge, is Hainesport's Motion for Default Judgment as to Third-Party Defendants

Doing It Right Technologies LLC and RTL Industries LLC. Dkt. No. 43; *see also* Referral Order dated Apr. 10, 2024.

For the reasons set forth below, this Court respectfully recommends that Hainesport's Motion for Default Judgment be **DENIED** without prejudice, and with leave to renew upon curing the deficiencies detailed herein.

I.   BACKGROUND

The following facts are taken from the Third-Party Complaint, Hainesport's Motion for Default Judgment, and the attachments filed in support of Hainesport's Motion for Default Judgment; the facts are assumed to be true for the purposes of this motion. *See Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *1 (E.D.N.Y. Sept. 29, 2023) (citing *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015)).

By way of brief background and as explained in the Court's Memorandum and Order dated December 5, 2023 (Dkt. No. 27), Plaintiff Commissioners of the State Insurance Fund administers the affairs of the New York State Insurance Fund, a New York state agency, which provides "workers' compensation and disability insurance coverage to its customers" and charges its customers a fee for doing so. Dkt. No. 1 at 8; Dkt. No. 27 at 2. Plaintiff alleges that, between the years 2018 and 2019, it provided Hainesport with workers' compensation insurance pursuant to a contract containing certain payment terms. *Id.* Plaintiff alleges Hainesport failed to remit payment pursuant to the terms of the parties' agreement and now seeks to recover $221,665.16 in "unpaid insurance premiums and collections fees." Dkt. No. 1 at 9; Dkt. No. 27 at 2. Plaintiff brings two causes of action: breach of contract and "account stated." Dkt. No. 27 at 2.

Hainesport appeared in this action and filed a Third-Party Complaint against Third-Party Defendants Doing It Right Technologies, DJM Transport LLC, and RTL Industries LLC. *See generally* Dkt. No. 9. Hainesport alleges that Third-Party Defendants allegedly acted as subcontractors for Hainesport. *See* Dkt. No. 27 at 2.

Hainesport alleges that Third-Party Defendants, who provide "trucking transportation services as subcontractors," were required to provide certain assurances to Hainesport, including but not limited to (i) ensuring they were "properly licensed and insured to operate the vehicles required for subcontractor work," (ii) maintaining required insurance, and (iii) providing Hainesport with certificates of insurance. Dkt. No. 9 at ¶ 3. Hainesport alleges that Third-Party Defendants also agreed to indemnify Hainesport and its affiliates "from and against any and all liability." *Id.* at ¶ 5.

But once Hainesport got sued by Plaintiff (Dkt. No. 1), Hainesport learned that "one or more of the Third-Party Defendants' certificates of insurance [were] false, incorrect and/or fraudulent, or became false or incorrect after the date of issuance due to a loss of coverage not disclosed to Hainesport." *Id.* at ¶ 7. In other words, despite promising to do so, Third-Party Defendants failed to "procure adequate workers' compensation insurance" and failed to indemnify Hainesport in connection with Plaintiff's litigation against Hainesport. *Id.* at ¶ 18.

Hainesport's Third-Party Complaint "asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment." *See* Dkt. No. 27 (quoting Dkt. No. 9 ¶¶ 14-30). Third-Party Defendants were each served with the summons and Third-Party Complaint. Dkt. Nos. 17-18, 26, 39. But while Third-Party Defendant DJM Transport LLC answered on April 19, 2024, Third-Party Defendants Doing It Rights Technologies LLC and RTL

Industries LLC failed to answer or otherwise appear in this action.[1]

In light of their failure to appear, Hainesport requested that Certificates of Default be issued as to the non-appearing Third-Party Defendants. Dkt. No. 32. On February 1, 2024, the Clerk of Court issued an Entry of Default as to Defendants Doing It Right Technologies LLC and RTL Industries LLC. Dkt. No. 34.

On April 9, 2024, Hainesport filed the instant Motion for Default Judgment as to Third-Party Defendants Doing It Right Technologies LLC and RTL Industries LLC. Dkt. No. 43. In support of its Motion for Default Judgment, Hainesport filed a Notice of Motion for Default Judgment (*id.*), an Affirmation of counsel Gabriel R. Blum, Esq. in Support of its Motion (Dkt. No. 43-1), a Copy of the Clerk of Court's Certificate of Default (*id.* at 5), and an Affirmation of Service of the Motion (Dkt. No. 43-2).

## II.     LEGAL STANDARDS

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Esquivel*, 2023 WL 6338666, at *3 ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

---

[1] Defendant RTL Industries LLC was served on March 21, 2023 and its answer was due on April 11, 2023. *See* Dkt. No. 17. Defendant Doing It Right Technologies was served on June 16, 2023 and its answer was due on July 7, 2023. Dkt. No. 26. To date, neither party has appeared nor filed an answer to Third-Party Complaint.

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).

The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default, which include "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *See Enron Oil Corp.*, 10 F.3d at 96; *Franco*, 2010 WL 3780972, at *2 (listing factors).

### III.   DISCUSSION

Where the moving party is represented by counsel, a motion for default judgment will not be granted "unless the party making that motion adheres to certain local and individual rules." *Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6809 (AMD) (RER), 2022 WL 18151927, at *7 (E.D.N.Y. Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130835 (Jan. 3, 2023) (citing *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015)); *see also Contino v. U.S.*, 535 F.3d 124, 126 (2d. Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."); *Fin. Servs. Vehicle Tr. v. Osmanaj*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (same). Failure to comply with Local Civil Rules frequently results in denial of motions for default judgment. *See e.g., United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26, 2019) (denying a default judgment motion for failure to provide proof

that the motion was properly mailed to defendants), *report and recommendation adopted*, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019).

Local Civil Rule 7.1 requires all motions to include a notice of motion, a memorandum of law, and supporting affidavits and exhibits "containing any factual information and portions of the record necessary for the decision of the motion." *See* Loc. Civ. R. 7.1(a).[2] Under Local Civil Rule 55.2(b), a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2(b). And, under Local Civil Rule 55.2(c), the party must mail the motion, with these three items, to "the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(c).

Here, the Motion for Default Judgment fails to include a memorandum of law as required by Local Civil Rule 7.1. The failure to comply with Local Civil Rule 7.1 is enough, on its own, for a court to deny the motion. *See, e.g. Molina v. Xia*, No. 22-CV-0864 (PKC), 2024 WL 3652821, at *2 (E.D.N.Y. Aug. 5, 2024) ("The omission of a memorandum of law that adheres to the requirements of Rule 7.1 is sufficient to warrant denial of a motion for default judgment."); *A.M. v. City of New York*, No. 21-CV-5191 (ENV) (CLP), 2022 WL 20472225, at *5 (E.D.N.Y. Aug. 8, 2022) (recommending denial of motion for failure to comply with Loc. Civ. R. 7.1), *report*

---

[2] The Court notes that its Local Civil Rules were modified and adopted by the Board of Judges of the Eastern District of New York and Southern District of New York and rendered effective on July 1, 2024. Since the Motion to Withdraw at issue here was filed on April 9, 2024 (*see* Dkt. No. 43), this Court finds that Hainesport in this action was bound by the Court's prior Local Civil Rules Effective October 15, 2021. A copy of the archived Local Civil Rules may be found here: https://www.nyed.uscourts.gov/archived-local-rules. Should Judge Kovner adopt this Report and Recommendation and should Hainesport renew its motion for default judgment, the current Local Civil Rules would apply. The Court further notes that even if the current Local Civil Rules applied, Hainesport's motion fails to comply with Local Civil Rule 7.1 and 55.2.

*and recommendation adopted*, 2023 WL 4446660 (E.D.N.Y. July 11, 2023); *Citibank, N.A. v. Super Sayin' Publ'g*, LLC, No. 14-CV-5841 (SHS) (KNF), 2017 WL 462601, at *2 (S.D.N.Y. Jan. 17, 2017) (denying motion for failure to comply with Local Civil Rule 7.1); *Perez v. Escobar Constr., Inc.*, No. 20-CV-2010 (LTS) (GWG), 2022 WL 19560924, at *1 (S.D.N.Y. Sept. 19, 2022) ("[P]laintiffs' notice of motion [ ] fails to 'specify the applicable rules or statutes pursuant to which the motion is brought' as required by Local Civil Rule 7.1(a)(1), and thus would have to be denied for this reason alone.").

Although courts are not required to deny a motion for failure to comply with Local Rule 7.1, this procedural violation may warrant a denial, especially when accompanied by other shortcomings. *See Cardoza*, 2015 WL 5561033, at *2 n.4; *see also Guangzhou Yongjia Garment Mfg. Co. v. Zoomers Inc.*, No. 19-CV-2759 (NGG) (LB), 2020 WL 5578936, at *5 (E.D.N.Y. Aug. 28, 2020) (recommending that a motion for default judgment not be considered in part for failure to include a memorandum of law), *report and recommendation adopted*, 2020 WL 5577706 (E.D.N.Y. Sept. 17, 2020); *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (denying a motion for default judgment in part for submitting a "cursory" memorandum of law that cited only two cases). Accordingly, this Court finds that Hainesport's failure to append a memorandum of law to its Motion for Default Judgment as required by Local Civil Rule 7.1 warrants denial.

Further, Hainesport's Motion for Default Judgment fails to comply Local Civil Rule 55.2 by failing to include (i) "a copy of the claim to which no response has been made" (here, the Third-Party Complaint) and (ii) a proposed order for default judgment as part of the exhibits in support of the Motion for Default and the copy mailed to the defaulting defendants. District courts may deny a party's request in its entirety for failure to comply with this rule. *See Apex Mar. Co. v.*

*Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying motion for default judgment for, *inter alia*, plaintiff's failure to submit copy of Clerk's certificate of default); *see also Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (noting that "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules" and denying default judgment where plaintiff "did not include a memorandum of law; a copy of a claim to which no response has been made; and a proposed form of default judgment"). In addition to failing to file a proposed order for default judgment, Hainesport's mailing to the defaulting defendants (Dkt. No. 43-2) fails to include a copy of the Third-Party Complaint representing the claim to which no response has been made. Denial of Hainesport's motion is therefore warranted due to its failure to comply with Local Civil Rule 55.2.

To the extent Hainesport argues that its Third-Party Complaint or its attorney affirmation should suffice for purposes of a motion for default judgment, such an argument would be without merit. "[W]hile the court may review the docket to find support for Plaintiff's motion, the relevant Local Civil Rules—in particular, requirements to append a memorandum of law with supporting affidavits, copy of the claim, and certificate of default—promote fairness and efficiency to the party who faces the extreme sanction of a default judgment." *Holcim Sols. & Prod. US, LLC v. McDonald Metal & Roofing Supply Corp.*, No. 23-CV-04448 (NGG) (CLP), 2024 WL 4002870, at *2 (E.D.N.Y. Aug. 30, 2024); *see also Molina*, 2024 WL 3652821, at *2 (denying motion for default judgment and noting that an attorney "affirmation does not take the place of a memorandum of law"); *Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co.*, No. 08-CV-5070 (DLI) (CLP), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (acknowledging the local rules relating to default provide more protection for non-appearing defendants than the Federal Rules of Civil Procedure

to promote fairness and efficiency), *report and recommendation adopted*, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).  Indeed, "[t]he fact that some of these [required] items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers." *Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (collecting cases); *see also Apex Mar. Co.*, 2012 WL 1901266, at *1; *Evseroff v. I.R.S.*, 190 F.R.D. 307, 308 (E.D.N.Y. 1999).

While the court has broad discretion to overlook procedural deficiencies, courts routinely deny motions for procedural noncompliance.  *See Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-CV-2798 (RJD) (RER), 2021 WL 3518279, at *4 (E.D.N.Y. May 4, 2021); *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019) ("Indeed, courts in the Eastern and Southern Districts regularly deny such motions [for default judgment] when strict procedural compliance is lacking.").

As an additional consideration, the Court notes that the Motion for Default Judgment fails to expressly request an award of attorneys' fees and costs—thought the Third-Party Complaint expresses requests an award of "attorneys' fees and expenses."  *Compare* Dkt. No. 43 and Dkt. No. 9 at 8.  Hainesport must submit contemporaneous billing and time records—in addition to documents as to expenses—in order to recover attorneys' fees and costs.  The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-CV-3027 (JFB) (AKT), 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)); *Saavedra v. Twin Kitty Bakery Corp.*, No. 18-CV-00932 (PKC) (PK), 2021 WL 1394487, at *19 (E.D.N.Y. Feb. 16, 2021), *report and recommendation*

*adopted*, 2021 WL 1169321 (Mar. 29, 2021) (recommending that the "[p]laintiffs not be awarded the costs of the process servers" when no supporting documentation was submitted); *Singh v. All Empire Bldg. Contractors, Inc.*, No. 20-CV-2736 (DRH) (AYS), 2021 WL 3055858, at *9 (E.D.N.Y. June 30, 2021) (recommending judicial notice of the court's filing fee but denial of request for cost recovery due to plaintiff's "fail[ure] to submit sufficient invoices, receipts, or other documentary proof"), *report and recommendation adopted*, 2021 WL 3054963 (July 20, 2021).

Accordingly, this Court finds that the Motion for Default Judgment's procedural deficiencies warrant denial. This Court respectfully recommends that Hainesport's Motion for Default Judgment be denied in its entirety for failure to comply with Local Civil Rules 7.1 and 55.2 without prejudice and with leave to renew once the deficiencies discussed above are addressed.

### IV.     <u>CONCLUSION</u>

Accordingly, the Court respectfully recommends that Hainesport's Motion for Default Judgment be denied without prejudice and with leave to renew, addressing the deficiencies discussed above, and in compliance with the Court's Local Civil Rules.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Hainesport's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to the following address on the docket and to file proof of service on ECF by October 11, 2024.

Copies shall be served at the following addresses:

DOING IT RIGHT TECHNOLOGIES LLC
2945 Sunrise Highway
Islip Terrace, New York 11752

> RTL INDUSTRIES LLC
> 664 Slocum Avenue,
> Ridgefield, New Jersey 07657

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Kovner. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   Brooklyn, New York           **SO ORDERED.**
         October 10, 2024
                                        /s/ Joseph A. Marutollo
                                      JOSEPH A. MARUTOLLO
                                      United States Magistrate Judge